**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | | |
|---|---|---|
| MIYOUNG SON, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. AW-06-2160 |
| KERZNER INTERNATIONAL RESORTS, INC., *et al.*, | * | |
| | * | |
| Defendants. | | |

\* \* \* \* \*

**MEMORANDUM OPINION**

MiYoung Son and Youngkeun Son ("the Sons" or "Plaintiffs") filed this action against Kerzner International Resorts, Inc. ("KIR"), Kerzner International Limited ("KIL"), Kerzner International North America, Inc. ("KINA") (collectively the "Kerzner Defendants"), Nassau Cruises, Limited ("Nassau Cruises"), Robert Brown, Rodger Munroe ("Munroe"), and Silven Brown (collectively "Secret Love Defendants") alleging negligence and loss of consortium.

On November 3, 2006, the Kerzner Defendants filed an Amended Motion to Dismiss (Paper No. 8). On November 14, 2006, the parties filed a Consent Motion for Extension of Time (Paper No. 11). The Motion requested an extension of time up to and including January 16, 2007 for Plaintiffs to respond to Defendants' Motion to Dismiss. The Court granted the motion. One week later, on November 22, 2006, Plaintiffs filed a Motion for Limited Discovery on the issued raised in the Motion to Dismiss (Paper No. 13). On December 5, 2006, the parties again filed a Consent Motion for Extension of Time (Paper No. 14). In this motion, the parties moved to Court to extend the time for Defendants to respond to the Motion for Limited Discovery up to and including January 11, 2007. The parties also agreed to extend the time for Plaintiff to respond to Defendants' Motion

1

to Dismiss until forty-five (45) days after the Court ruled on the Motion for Limited Discovery. The Court granted the motion.

On April 27, 2007, the Court issued its Memorandum Opinion and Order denying Plaintiffs' Motion for Limited Discovery and granting Defendants' Motion to Dismiss. Plaintiff filed a Motion for Reconsideration on May 4, 2007 (Paper No. 30) arguing that the Court's grant of the Motion to Dismiss was premature. The Court denied the Motion on June 11, 2007. On June 12, 2007, Plaintiff filed the instant reply memorandum and Renewed Motion for Reconsideration (Paper No. 38). For the reasons stated more fully below, the Court will deny Plaintiffs' motion.

## STANDARD OF REVIEW

A district court has the discretion to grant a Rule 59(e) motion to alter or amend a judgment only in very narrow circumstances. *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). Such motion is only granted: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *Id*. The rule allows a district court to correct its own errors, "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Pacific Ins. Co. v. American Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 998). "Reconsideration of a judgment after its entry is an extraordinary remedy[,] which should be used sparingly." *Id*. Rule 59(e) motions may not be used to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance. *See Erskine v. Board of Education*, 207 F. Supp. 2d 407, 408 (D. Md. 2002).

## DISCUSSION

Plaintiffs' Motion to Reconsider is correct in noting that the Court granted a Consent Motion for Extension of Time on December 7, 2006, which allotted Plaintiff forty-five days, after a ruling on Plaintiff's Motion for Limited Discovery, to respond to Defendant's Motion to Dismiss. The Court inadvertently overlooked this particular agreement of the parties when it granted their consent motion to extend the time for Defendants to respond to the limited discovery motion. However, in their Motion for Limited Discovery, Plaintiffs raised jurisdictional arguments in response to the challenges put forth in Defendants' Motion. *See, e.g.*, Plaintiff's Mot. For Limited Discovery at 9-10. The Court finds it peculiar that Plaintiffs would respond to the jurisdictional challenges in their request for discovery, and, once the request is denied and the case dismissed, Plaintiffs quarrel about not having an opportunity to respond. Furthermore, Plaintiffs have now put forth arguments in response to the jurisdictional challenges, and those arguments do not change the Court's analysis.

When a court's personal jurisdiction is properly challenged by motion under Federal Rule of Civil Procedure 12(b)(2), the jurisdictional question thereby raised is one for the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence. *Mylan Lab., Inc. v. Akzo, N.V.*, 2 F.3d 56, 59-60 (4th Cir. 1993). When a district court decides a F.R.C.P. 12(b)(2) motion without conducting a evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction. *Carefirst of Maryland, Inc.v. Carefirst Pregnancy Ctr., Inc.*, 334 F.3d 390, 402 (4th Cir. 2003). Jurisdictional discovery is not a prerequisite to the Court deciding a personal jurisdiction motion. *Id.* at 396.

Plaintiffs filed their Amended Complaint on August 29, 2006. The Court did not rule on Defendants' Motion to Dismiss until April 27, 2007, nearly eight months after the Amended Complaint was filed and over five months after Plaintiffs were put on notice of Defendants'

3

challenges to jurisdiction. Plaintiffs have had ample opportunity to put before the Court sufficient facts to establish a *prima facie* case of personal jurisdiction, and have failed to do so.

This Court has made clear that "a motion to reconsider is not a license to reargue the merits or present new evidence." *Royal Insurance Co. of America v. Miles & Stockbridge, P.C.*, 142 F. Supp. 2d 676, 677 n.1 (D.Md. 2001). Because the arguments raised by Plaintiffs on the Motion for Reconsideration are not new, the motion will be denied

### **CONCLUSION**

For the reasons stated above, the Court will DENY Plaintiffs' Motion for Reconsideration. An Order consistent with this opinion will follow.


Date:  June 21, 2007                                                      /s/
                                                                Alexander Williams, Jr.
                                                                United States District Judge